NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-7010

REALDALIST A. FAHIE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  May 3, 2005

_____

Before NEWMAN, DYK, and PROST, <u>Circuit Judges</u>.

NEWMAN, <u>Circuit Judge</u>.

Realdalist A. Fahie appeals the decision of the United States Court of Appeals for

Veterans Claims (CAVC), affirming the decision of the Board of Veterans Appeals which

denied his claims for: an effective date earlier than August 4, 1995 for his

service-connected right-hand disabilities; a rating of total disability based on individual

unemployability; and an increased disability rating for his service-connected right-hand

disabilities.[1]  These claims raise no issues of statutory or constitutional interpretation. Accordingly, the appeal must be <u>dismissed</u>.

## BACKGROUND

Mr. Fahie served on active duty in the U.S. Navy from January 1976 to November 1977.  While on active duty in 1976, he injured his right hand and underwent surgery for tendon repair.  His separation medical examination report indicated that at separation from service his right hand was normal, but that he had scarring and tendon laceration of the hand.  In 1978, the Veterans Administration (VA) awarded him service connection for right-hand laceration and scar and assigned him a 0% disability rating.

In April 1983 Mr. Fahie sought a higher rating for his right-hand laceration and scar. The VA, acting through the cognizant agency entity, requested that Mr. Fahie provide evidence to show that his disability had worsened. The CAVC found no response in the record from Mr. Fahie to that request.  In January 1987 Mr. Fahie again applied for an increase in his disability rating.  In April 1987 the VA informed Mr. Fahie that he would be scheduled for a VA medical examination to determine the severity of his disability.  Mr. Fahie submitted a letter from his physician, but refused to report for a VA medical examination.  The VA reviewed the evidence of record, including the physician's statement that Mr. Fahie had provided, and denied the claim.  Mr. Fahie did not appeal that decision.

---

1 <u>Fahie v. Nicholson</u>, No. 00-2286 (Ct. App. Vet. Cl. Aug. 30, 2005).

Seven years later, Mr. Fahie filed another claim for an increased rating for his right-hand disability, which was also denied. Mr. Fahie also sought compensation for a bilateral-eye condition, but the VA ruled that the condition was not service connected.

On June 23, 1997, Mr. Fahie was given a VA medical examination and, as a result, the VA increased Mr. Fahie's disability rating to 10% and awarded him service connection for a right-hand orthopedic-neurological condition, also rated at 10%. Both ratings were made effective August 4, 1995. On July 25, 1997, Mr. Fahie sought an earlier effective date for his disability rating. He argued that the effective date should be November 1977, the date of his separation from service. That claim was denied because Mr. Fahie had not timely appealed the denial of his earlier claims, hence the only claim that was deemed still open was the one filed in 1995.

In December 1998, Mr. Fahie sued the VA in the United States District Court for the Southern District of New York, claiming that the VA was discriminating against him under the Americans with Disabilities Act of 1990. The District Court dismissed the claim for lack of jurisdiction.

On October 29, 1999, Mr. Fahie filed a claim for total disability, stating that he was unable to work because of his right-hand condition. That claim was denied. Mr. Fahie appealed that decision, and while the appeal was pending, the VA informed him that it needed a current VA medical examination to determine the effect of his disability on his ability to work. Mr. Fahie refused to be examined, stating that the record already contained all of the evidence necessary to adjudicate his claim. In January 2000, the VA scheduled examinations of Mr. Fahie's hand, thumb, and fingers, as well as a neurological exam, but he failed to report for any of those examinations.

06-7010 3

In June 2000, Mr. Fahie's claims were remanded to the Regional Office for further evaluation, with specific instructions to assist him in the processing of his claim. Mr. Fahie submitted to a VA neurological examination in July, 2000, but refused to submit to further testing, which included optometric and laboratory tests, x-rays, electromyograms, and physical therapy. In August 2000, the VA received a letter from Mr. Fahie in which he stated he would not participate in any additional VA medical examinations, and requested that his claims be adjudicated on the evidence of record.

The Regional Office denied his claims on August 30, 2000. The agency refused to increase his disability ratings or award an earlier effective date. Mr. Fahie appealed to the Board of Veterans Appeals. In September 2000, he contacted the Regional Office and reiterated that he did not wish any additional VA examinations in connection with his appeal.

On November 3, 2000 the Board affirmed the RO's decision. The Board based its decision, in part, on Mr. Fahie's refusal to submit to the tests and examinations that the Regional Office deemed necessary to evaluate his claims, stating:

> There is no evidence of record indicating that he was not able to travel to the examination, for medical or other reasons . . . . He provided no specific reason for his claimed hardship. More importantly, he has specifically refused to report for additional VA examination and/or testing because he maintains it was unwarranted and was not ordered by the Board, which, as noted above, is not the case.

> Accordingly, the Board concludes that the veteran has not shown good cause for his refusal to report for VA examination and/or testing and that, based on the veteran's refusal to report for the VA examinations scheduled in conjunction with his claims for TDIU and increased ratings, his claims must be denied.

The Court of Veterans Appeals affirmed, and this appeal followed.

06-7010                                    4

DISCUSSION

Mr. Fahie argues that the great weight of the evidence supports his position that he is entitled to a higher disability rating, an earlier effective date for the ratings he has already been awarded, and a determination that he is totally disabled. He cites the evidence of record that supports these claims and argues that there is little or no evidence supporting the government's position.

Except for the review of constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," 38 U.S.C. §7292(d)(2). The government stresses that Mr. Fahie is challenging the factual determination of the agency, and that such a challenge is outside of our jurisdiction. We must agree. Mr. Fahie's claims are essentially that the VA incorrectly evaluated the extent of his disabilities; these are factual determinations and, by statute, they may not be reviewed here.

Mr. Fahie argues that the VA required an excessive number of tests and evaluations before determining the extent of his disability, and that this constituted "grave procedural error." He argues that we have jurisdiction over such procedural errors, and cites Hayre v. West, 188 F.3d 1327 (Fed. Cir. 1999), overruled on other grounds, Cook v. Principi, 318 F.3d 1334 (Fed. Cir. 2002) (en banc). He argues that in Hayre this court reversed a CAVC decision because the VA committed a similarly serious error there. In Hayre the Regional Office failed to obtain certain medical evidence in the veteran's military record, and this court held that, in doing so, the VA violated its duty to assist veterans in the prosecution of their claims. Our jurisdiction over Mr. Hayre's claims arose from the erroneous interpretation the Department accorded this duty to assist -- a matter of statutory

06-7010                                                        5

interpretation. No such statutory issue is presented here. The number of evaluations required to diagnose a particular medical condition is not an issue of law but a factual medical judgment, and a veteran's refusal to be examined does not raise an issue of statutory or procedural law.

Mr. Fahie argues that the Social Security Administration has deemed him totally disabled and that the VA and the CAVC should accord deference to this determination. The CAVC observed that the conditions that were considered for Social Security purposes include legal blindness, not just the injury to his hand and subsequent surgeries. The Social Security Administration's determination relied, in part, on Mr. Fahie's eye condition. In relying on his eye condition as contributing to his disability, Mr. Fahie appears to challenge the August 1998 RO decision denying service connection for the eye condition. But Mr. Fahie did not appeal the RO's August 1998 decision regarding the eye condition, and the issue of whether the eye condition was service connected was not before the CAVC. We thus lack jurisdiction to consider it here.

For these reasons, the appeal is dismissed for want of appellate jurisdiction.

No costs.